IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | Case No. |
| Plaintiff,  ) | |
| ) | |
| v.  ) | |
| ) | |
| RICHARD B. RAY (Baltimore County),  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

**COMPLAINT**

The United States of America brings this action at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States to collect unpaid income taxes, interest, and penalties from defendant Richard B. Ray and to seek an injunction requiring him to pay quarterly, estimated income tax payments to the IRS and to pay the remaining amounts owed on an annual basis by the due date of his tax return. In support of this action, the United States alleges as follows:

1. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. § 7402(a).

2. Venue is proper in this district under 28 U.S.C. § 1396.

3. Defendant Mr. Ray resides in and is domiciled in Cockeysville, Maryland, and this Court therefore has personal jurisdiction over him.  Fed. R. Civ. P. 4(k); Md. Code Ann., Cts. & Jud. Proc. § 6-102.

4. Mr. Ray is a self-employed real-estate agent.

## Count 1: Income Taxes Against Mr. Ray

5. The United States incorporates the foregoing allegations as if fully set forth herein.

6. Under 26 U.S.C. § 1, Mr. Ray is required to pay tax on his taxable income.

7. Under 26 U.S.C. § 6151, Mr. Ray is required to pay any taxes due on his federal income tax return no later than the date he is required to file the return. Such payment is required without assessments or notice and demand from the IRS.

8. Under 26 U.S.C. § 6654, Mr. Ray is subject to additions to tax if he fails to make quarterly estimated tax payments during the taxable year. The estimated tax payments are due on April 15, June 15, and September 15 of the taxable year and January 15 of the following taxable Year. The amount of the estimated tax payment must be at least 25 percent of the "required annual payment" as defined by 26 U.S.C. § 6654(d)(1)(B).

9. A delegate of the Secretary of the Treasury timely and properly made assessments against Mr. Ray for unpaid federal income taxes (Form 1040) for years 2006 – 2008, 2010 – 2011, and 2013 – 2019. In more detail, the assessments are as follows:

| Type of Tax | Period Ending | Assessment Date | Assessment Amount | Outstanding Balance (as of 5/3/21)[1] |
|---|---|---|---|---|
| Income (Form 1040) | 12/31/2006 | 2/18/2013 | $50,268.00 | $131,308.41 |
| Income (Form 1040) | 12/31/2007 | 8/22/2011 | $17,133.00 | $41,270.14 |
| Income (Form 1040) | 12/31/2008 | 8/22/2011 | $45,204.00 | $103,946.21 |
| Income (Form 1040) | 12/31/2010 | 5/21/2012 | $28,395.00 | $60,925.57 |

---

[1] Includes statutory interest and penalties that have accrued, and which continue to accrue, on the remaining unpaid taxes.

| Type of Tax | Period Ending | Assessment Date | Assessment Amount | Outstanding Balance (as of 5/3/21)[1] |
|---|---|---|---|---|
| Income (Form 1040) | 12/31/2011 | 5/28/2012 | $32,717.00 | $57,510.32 |
| Income (Form 1040) | 12/31/2013 | 1/6/2020 | $48,907 | $92,337.49 |
| Income (Form 1040) | 12/31/2014 | 1/13/2020 | $26,287 | $48,798.40 |
| Income (Form 1040) | 12/31/2015 | 1/13/2020 | $65,795 | $118,363.22 |
| Income (Form 1040) | 12/31/2016 | 11/25/2019 | $45,679 | $78,956.17 |
| Income (Form 1040) | 12/31/2017 | 11/18/2019 | $42,819 | $71,391.90 |
| Income (Form 1040) | 12/31/2018 | 6/3/2019 | $7,218.00 | $9,865.85 |
| Income (Form 1040) | 12/31/2019 | 8/17/2020 | $27,545 | $30,566.69 |
| **Total Amount Due:** | | | | **$845,240.37** |

10.     A delegate of the Secretary of the Treasury gave notice of the tax assessments to, and made demand for payment upon, Mr. Ray for the payment of these assessments.

11.     Despite such notice and demand, Mr. Ray has failed, neglected, or refused to pay in full the liabilities described in paragraph 9, above.

12.     After the application of all abatements, payments, and credits, and the addition of accrued penalties, interest, and fees, Mr. Ray is indebted to the United States of America for the liabilities described in paragraph 9, above, in the total amount of **$845,240.37** as of May 3, 2021, along with statutory interest, penalties, and fees that will continue to accrue after that date.

### Count 2: Injunction Pursuant to 26 U.S.C. § 7402(a)

13.     The United States incorporates the forgoing allegations as if fully set forth herein.

3

14. As set forth above, Mr. Ray has repeatedly and willfully failed to pay owed income taxes for over a decade, both estimated quarterly payments and amounts due with his returns.

15. The IRS has attempted and failed to collect taxes owed, as demonstrated by the following:

    a. He has had an open case within the IRS's collection unit for over 20 years.

    b. The IRS has filed a Notice of Federal Tax Lien ("NFTL") in Baltimore County, Maryland for each tax year at issue.

    c. Mr. Ray was issued a Letter 1058, which notified him of unpaid taxes and that the IRS intended to levy to collect the amount owed.

    d. Mr. Ray was issued a Letter 3172, which advised Mr. Ray that the IRS had filed a notice of tax lien for the unpaid taxes.

16. Despite these efforts, the IRS has been unable to collect the balances due.

17. There are no administrative options, such as an installment agreement and /or offer in compromise, that would be appropriate in this case.

18. Mr. Ray has substantially interfered with and continues to substantially interfere with the internal revenue laws by repeatedly failing to pay to the IRS his income tax obligations.

19. An injunction is therefore necessary and appropriate for enforcement of the internal revenue laws and prevention of continued violations, as Mr. Ray continues to flout the federal tax laws and accrue further tax liabilities.

20. An injunction is warranted under all of the factors set forth below:

    a.    Gravity of offense—Mr. Ray's persistent failure to pay his tax debts is a grave offense, as it has resulted in an unpaid debt to the United States in a very large amount, *i.e.*, $845,240.37 as of May 3, 2021;

    b.    *Extent of Mr. Ray's participation and scienter*—Mr. Ray has been the sole participant in his failure to pay his taxes, and he has failed to pay his taxes knowingly and willingly;

    c.    *Isolated or recurrent nature of infraction*—Mr. Ray's violations of his tax obligations have recurred for many years;

    d.    *Recognition of culpability*—Mr. Ray does not dispute the bulk of his tax liabilities; to the contrary, most assessments are based on returns that *he* filed, but he has not shown acknowledgement of his culpability;

    e.    *Sincerity of assurances against future violations*—the duration and frequency of Mr. Ray's non-compliance belies any assurance that future violations will not occur.

21.    Traditional equitable factors also warrant issuance of an injunction:

    a.    *Irreparable injury*—the United States has suffered an irreparable injury from Mr. Ray's violations, *i.e.*, it has not been paid tax debts for many years and Mr. Ray has disposed of assets need to pay these debts. Mr. Ray's continued violations of the internal revenue laws place a drain on limited IRS resources. Finally, Mr. Ray's conduct causes harm to the tax system as a whole. Mr. Ray's blatant disregard for the tax laws of the United States could have a negative compliance impact on others by encouraging others not to comply.

    b.    *Money damages inadequate*—money damages are inadequate to compensate for Mr. Ray's violations because Mr. Ray repeatedly violates his obligations to pay income taxes and disposes of income necessary to satisfy those debts, actions that have frustrated the IRS's collection efforts for over a decade.  The IRS has exhausted its administrative abilities to compel Mr. Ray to pay his tax liabilities and comply with the internal revenue laws.  Only an injunction, backed by this Court's contempt powers, will ensure future compliance.  In the absence of an injunction, he is likely to continue to ignore his tax obligations to the detriment of the United States.

    c.    *Balance of hardship*—an injunction will not cause hardship to Mr. Ray, but merely require him to take steps necessary to satisfy his obligations, and the lack of an injunction will deprive the United States of collecting tax debts;

    d.    *Public interest*—the public interest would be served through an injunction because the United States will recoup its tax debts.  The efficacy of the federal tax system relies upon individuals to pay their income taxes without compulsion.  Mr. Ray's failure to do so undermines this system of tax collection.  Enjoining Mr. Ray from violating his tax obligations would protect the public interest in the fair administration of the internal revenue laws.

WHEREFORE, plaintiff United States of America hereby prays that this Court:

A.     Adjudge Mr. Ray to be indebted to the United States for unpaid income taxes, interest, penalties, and costs in the sum of $845,240.37 as of May 3, 2021, along with statutory interest, penalties, and fees that will continue to accrue after that date;

B.     Find that Mr. Ray has engaged in and is engaging in conduct interfering with the enforcement of the internal revenue laws, and that injunctive relief under 26 U.S.C. §7402(a) and the Court's inherent equity powers is appropriate to stop that conduct;

C.     Enter a permanent injunction requiring:

    a.     Mr. Ray, for a period of five years, to make all current or future estimated tax payments of his Form 1040 tax liabilities in full and on the schedule prescribed by section 6654 of the Internal Revenue Code;

    b.     Mr. Ray, for a period of five years, to pay the balances due upon all of his current or future Forms 1040 on the schedule prescribed the Internal Revenue Code;

    c.     Mr. Ray, for a period of five years, to provide clear documentation to such individual as the Internal Revenue Service may deem appropriate, quarterly, demonstrating that he has timely paid estimated income tax payments within thirty days from the date such payments are due;

    d.     Mr. Ray, for a period of five years, to submit an annual certification, under penalty of perjury, and supporting documentation to the Service's collection office in Baltimore, Maryland showing that he has timely paid

the full amount due reported on his tax returns within thirty days from the due date of the return;

A. Retain jurisdiction over this case to ensure compliance with the injunction;

B. Grant to plaintiff its costs of prosecuting this action; and

C. Grant such other and further relief as may be deemed just and proper under the circumstances.

                                           Respectfully submitted,

Dated: August 20, 2021                DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ William J. Harrington*
WILLIAM J. HARRINGTON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-353-1882 (v)
202-514-6866 (f)
William.J.Harrington@usdoj.gov